UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE A. LOWNSBERY,

      CASE NO. 16-14293

   *Plaintiff*,

      DISTRICT JUDGE PAUL D. BORMAN
v.      MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL SECURITY,

   *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS LOWNSBERY'S COMPLAINT (Doc. 1)

**I.   RECOMMENDATION**

**IT IS RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. §1914(a) and §1915.

**II.   REPORT**

This case was referred to the undersigned Magistrate Judge for pretrial case management on December 8, 2016. (Doc. 2).

On December 8, 2016, this case was filed *pro se* by Plaintiff Theodore Lownsbery. (Doc. 1). No filing fee was paid. On December 12, 2016, this Court's clerk's office notified Lownsbery that "[i]f the filing fee is not received . . . within seven calendar days of this notice, or if an application to proceed *in forma pauperis* [IFP] is not electronically filed within seven calendar days of this notice, this case may be dismissed." (Doc. 3). As of this date, Lownsbery has failed to either pay the filing fee or submit an application to proceed

1

IFP. Since Plaintiff has failed to comply with the statutory mandates that he either pay the filing fee or submit an application to proceed IFP after having been warned that failure to do so would result in dismissal, it is recommended that Plaintiff's complaint be dismissed. *Crowley v. Warden, Southern Ohio Corr. Facility*, No. 3-11CV00431, 2012 WL 139210, at *1 (S.D. Ohio Jan. 18, 2012)(dismissing case after plaintiff had been warned to either pay the filing fee or submit an IFP application but failed to do so).

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which

it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 28, 2016               S/ Patricia T. Morris
                                       Patricia T. Morris
                                       United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: December 28, 2016                By s/Kristen Castaneda
                                       Case Manager